**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **MONICA R. HAWKINS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| **vs.** | ) **No. 3:12-CV-1738-B-BH** |
| | ) |
| **MERRIFIELD ELEMENTARY, et al.,** | ) |
| **Defendants.** | ) **Referred to U.S. Magistrate Judge** |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to *Special Order 3-251*, this case has been automatically referred for judicial screening.   Based on the relevant filings and applicable law, the plaintiff's claims should be **DISMISSED** for lack of subject matter jurisdiction.

## I.  BACKGROUND

The plaintiff sues a local elementary school and school district for slander and defamation.  (*See* Compl. (doc. 3); Magistrate Judge's Questionnaire (MJQ) Ans. 1-2 (doc. 10).)[1]   She claims that teachers at the school laughed at her.  (*See id.*)  She also claims that the teachers sat her child at the back of the class where he could not see and had people block her car so that she could not drive away. (*See* MJQ Ans. 2.)

## III.  JURISDICTION

"Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).  They "must presume that a suit lies outside this limited jurisdiction".  *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). Courts have "a continuing obligation to examine the basis for  jurisdiction" and may *sua sponte* raise

---

[1]  The plaintiff's sworn answers to the MJQ constitute an amendment to her complaint.  *See Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

the issue at any time.  *See MCG, Inc. v. Great Western Energy Corp.*, 896 F.2d 170, 173 (5th Cir.

1990); *Burge v. Parish of St. Tammany*, 187 F.3d 452, 465-66 (5th Cir. 1999).  Fed. R. Civ. P. 12(h)(3)

requires dismissal of a case if a federal court determines that it lacks subject-matter jurisdiction.

To the extent that the plaintiff's allegations state a claim against the defendants for slander and

defamation, those causes of action arise under state law.  *See Cook v. Houston Post*, 616 F.2d 791, 794

(5th Cir. 1980) (stating that libel and slander are matters which the State protects by virtue of its tort

law).  Federal courts have no jurisdiction over state law claims in the absence of diversity jurisdiction

under 28 U.S.C. § 1332.  Diversity jurisdiction is proper only when complete diversity exists between

the parties and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest

and costs."  *See* 28 U.S.C. § 1332(a).

As the party seeking to invoke federal jurisdiction in this case, the plaintiff has the burden to

show that diversity jurisdiction exists.  *See Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804 (5th Cir.

1991).  She is suing a local elementary school and school district.  Because she has not shown that the

defendants are not Texas residents, she has not met her burden to show that complete diversity exists

between the parties.  Her state law claims should therefore be dismissed for lack of subject-matter

jurisdiction.  *See Dupre v. University Healthcare Sys. L.C.,* 273 F.3d 1103 (5th Cir. 2001) (dismissing

defamation suit for lack of subject-matter jurisdiction where all parties were residents of same state).

## IV.  RECOMMENDATION

The plaintiff's claims should be **DISMISSED** without prejudice for lack of subject-matter

jurisdiction.

**SO RECOMMENDED on this 6th day of July, 2012.**


IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE


**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**


A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).


IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

3